# IN RE RACHEL M.*
## (AC 20058)

Lavery, C. J., and Hennessy and Pellegrino, Js.

Argued May 5—officially released June 27, 2000

*Michael H. Agranoff*, with whom, on the brief, was *Stephanie L. Klaubert*, law student intern, for the appellant (respondent).

*Jane R. Rosenberg*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Susan T. Pearlman*, assistant attorney general, for the appellee (petitioner).

*Maria Morelli-Wolfe*, for the minor child.

### Opinion

PER CURIAM. The respondent mother appeals from the judgment of the trial court terminating her parental rights in her daughter, Rachel M.[1] The sole issue by agreement of the parties is whether, in the disposition

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

[1] The petition to terminate the respondent's parental rights was filed May 12, 1998.

phase of the trial, the petitioner, the commissioner of children and families, failed to prove by clear and convincing evidence, pursuant to General Statutes (Rev. to 1997) § 17a-112 (c) (1),[2] that the department of children and families had made reasonable efforts to reunify the child with the parent.

On appeal, the respondent asks this court to review the trial court's findings of fact. As this court has often stated, "On appeal, our function is to determine whether the trial court's conclusion was legally correct and factually supported. We do not examine the record to determine whether the trier of fact could have reached a conclusion other than the one reached . . . nor do we retry the case or pass upon the credibility of the witnesses. . . . Rather, on review by this court every reasonable presumption is made in favor of the trial court's ruling. . . . [W]e will disturb the findings of the trial court in both the adjudication and disposition phases only if they are clearly erroneous. . . . The trial court's ruling on [the issue of whether reasonable efforts were made] should not be disturbed on appeal unless, in light of the evidence in the entire record, it is clearly erroneous. *In re Tabitha P.*, 39 Conn. App. 353, 361, 664 A.2d 1168 (1995)." (Citations omitted; internal quotation marks omitted.) *In re Savanna M.*, 55 Conn. App. 807, 812–13, 740 A.2d 484 (1999).

"Before a termination of parental rights can be granted, the trial court must be convinced that the

---

[2] General Statutes (Rev. to 1997) § 17a-112 (c) provides in relevant part: "The Superior Court, upon hearing and notice as provided in sections 45a-716 and 45a-717, may grant a petition filed pursuant to this section if it finds by clear and convincing evidence (1) that the Department of Children and Families has made reasonable efforts to locate the parent and to reunify the child with the parent, unless the court finds in this proceeding that the parent is unable or unwilling to benefit from reunification efforts provided such finding is not required if the court has determined at a hearing pursuant to subsection (b) of section 17a-110 that such efforts are not appropriate . . . ."

department has made reasonable efforts to reunite the child with his or her family. The term 'reasonable efforts' was recently addressed by this court: 'Turning to the statutory scheme encompassing the termination of the parental rights of a child committed to the department, the statute imposes on the department the duty, inter alia, to make reasonable efforts to reunite the child or children with the parents. The word reasonable is the linchpin on which the department's efforts in a particular set of circumstances are to be adjudged, using the clear and convincing standard of proof. Neither the word "reasonable" nor the word "efforts" is, however, defined by our legislature or by the federal act from which the requirement was drawn. . . . [R]easonable efforts means doing everything reasonable, not everything possible.' *In re Eden F.*, 48 Conn. App. 290, 311–12, 710 A.2d 771 [(1998), rev'd on other grounds, 250 Conn. 674, 730 A.2d 234 (1999)]. The trial court's ruling on this issue should not be disturbed on appeal unless, in light of the evidence in the entire record, it is clearly erroneous. *In re Tabitha P.*, [supra, 39 Conn. App. 361]." *In re Jessica B.*, 50 Conn. App. 554, 565–66, 718 A.2d 997 (1998).

In this case, taking into account the court's memorandum of decision setting forth the facts on which the court based its decision, and the evidence presented, including exhibits and the testimony of witnesses, we conclude that the court had more than sufficient evidence from which to find by clear and convincing evidence that the petitioner had made reasonable efforts to reunite the child with the parent. Because the court's findings were not clearly erroneous, we affirm the judgment of the trial court.

The judgment is affirmed.